**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HONG KONG LEYUZHEN TECHNOLOGY CO. LIMITED,<br><br>       Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A" HERETO,<br><br>       Defendants. | **Case No. 1:26-cv-02820-VMK-AB**<br><br><br>**Honorable Virginia M. Kendall**<br><br>**Magistrate Judge Albert Berry, III** |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR ELECTRONIC SERVICE OF PROCESS PURSUANT TO FRCP 4(f)(3) AND EXPEDITED DISCOVERY FRCP 45**

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff, HONG KONG LEYUZHEN TECHNOLOGY CO. LIMITED ("Plaintiff"), respectfully requests authorization to effect alternative service of process on Defendants by electronic mail ("e-mail"). Plaintiff will serve each Defendant by sending an email to any email address associated with that Defendant and provided by third-party e-commerce platforms, domain registrars, or payment processors. Each service email will include, as pdf attachments, copies of the summons, Complaint, and all other documents authorized for service by the Court. In addition, a supplemental measure, Plaintiff will make the same documents available on a dedicated website and will include a hyperlink to that website within the service email for Defendants' convenience.

MEMORANDUM IN SUPPORT OF MOTION FOR             Case No. 1:26-cv- 02820-VMK-AB
ELECTRONIC SERVICE AND EXPEDITED DISCOVERY

Plaintiff submits that providing notice via e-mail, along with any notice that Defendants receive from Temu and their payment processors, is reasonably calculated under all circumstances, to apprise them of the pendency of the action and afford an opportunity to present their objections.

## I. ELECTRONIC SERVICE IS APPROPRIATE

Electronic service is appropriate and necessary in this case because Defendants: (1) have provided false names and physical address information in their registrations for Defendants' e-commerce stores in order to conceal their locations and avoid liability for their unlawful conduct; and (2) they rely primarily on electronic communications to communicate with their registrars and customers, demonstrating the reliability of this method of communication by which Defendants may be apprised of the pendency of this action. Authorizing service of process via e-mail with the documents being served attached to the email will benefit all parties and the Court by ensuring that Defendants receive prompt notice of this action, thus allowing this action to move forward expeditiously. *See generally* Declaration of Katherine M. Kuhn (the "Kuhn Declaration"). Absent the ability to serve Defendants in this manner, Plaintiff will almost certainly be left without the ability to prosecute this action in an expeditious and necessary manner or to pursue this matter to a complete final judgment.

An investigation into the e-commerce stores operating under the Seller Aliases identified in Schedule "A" to the Complaint shows that few, if any, provide a complete and accurate physical address on the e-commerce store. (Kuhn Decl. ¶ 5). In most instances, Defendants must provide an e-mail address and physical address to third-party online marketplace platforms to Temu, as well as Aliexpress, eBay, Amazon, TikTok, Wish.com, and Walmart when registering their account. (*Id.*). E-mail address verification is typically a straightforward process where the third-party online marketplace platforms send an e-mail to the provided e-mail address and require the

MEMORANDUM IN SUPPORT OF MOTION FOR
ELECTRONIC SERVICE AND EXPEDITED DISCOVERY

Case No. 1:26-cv- 02820-VMK-AB

user to click a link in the e-mail. (*Id.*). However, verification, if any, that may occur for physical addresses is likely not as reliable as e-mail address verification. (*Id.*). Since an e-commerce store operator can input any physical address, such addresses may be incomplete, false, and/or are not where the e-commerce store operator is located. As such, even if a physical address is available, it is not a reliable or the best means for providing notice to Defendants. (*Id.*).

In addition, e-commerce store operators must provide a valid e-mail address to customers for completing payment and/or managing their e-commerce stores. Moreover, it is necessary for merchants, such as Defendants in this action, who operate entirely online, to visit their e-commerce stores to ensure they are functioning and to communicate with customers and the online platform customer service electronically. E-commerce platforms are also required to obtain a working e-mail address from sellers under the INFORM Consumers Act. *See* 15 U.S.C. § 45(f). As such, it is far more likely that Defendants can be served electronically than through traditional service of process methods.

Federal Rule of Civil Procedure 4(f)(3) ("Rule 4(f)(3)" and "Rule 4" generally) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. Fed. R. Civ. P. 4(f)(3); *see also Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). The Ninth Circuit in *Rio Properties* held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." *Id.* at 1017. The Court reached this conclusion, in part, because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Id.*

Similarly, several courts, including courts in this District, have held that alternative forms of service pursuant to Rule 4(f)(3), including e-mail service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." *Id.*

MEMORANDUM IN SUPPORT OF MOTION FOR           Case No. 1:26-cv- 02820-VMK-AB
ELECTRONIC SERVICE AND EXPEDITED DISCOVERY

at 1018; *see, e.g.*, *Fairly Odd Treasures, LLC v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 2020 WL 8093511, at *1 (N.D. Ill. Oct. 28, 2020) ("'Service of process by e-mail has been upheld in circumstances similar to those here.'") (quoting *Strabala v. Zhang*, 318 F.R.D. 81, 115 (N.D. Ill. 2016)); *MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co., Ltd.*, No. 1:08-cv- 02593, 2008 WL 5100414, *2 (N.D. Ill. Dec. 1, 2008) (holding e-mail and facsimile service appropriate); *Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 563 (E.D. Tenn. 2004) (quoting *Rio*, 284 F.3d at 1018) (allowing e-mail service); *see also Juniper Networks, Inc. v. Bahattab*, No. 1:07-cv-01771-PLF-AK, 2008 WL 250584, *1-2, (D.D.C. Jan. 30, 2008) (citing *Rio*, 284 F.3d at 1017-1018; other citations omitted) (holding that "in certain circumstances... service of process via electronic mail... is appropriate and may be authorized by the Court under Rule 4(f)(3) of the Federal Rules of Civil Procedure").

Plaintiff submits that allowing service solely by e-mail with the documents being served attached to the email in the present case is appropriate and comports with the Constitutional requirements of due process, particularly given the decision by the registrants of Defendants' e-commerce stores to conduct their Internet-based activities anonymously.

Furthermore, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *Rio Props. v. Rio Intern. Interlink*, 284 F.3d at 1014-15. As the *Rio Properties* court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id.* at 1014. To the contrary, the plain language of Rule 4 requires only that service be directed by the court and not be prohibited by international agreement. *Id.* There are no other limitations or requirements. *Id.* Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served.

4

MEMORANDUM IN SUPPORT OF MOTION FOR
ELECTRONIC SERVICE AND EXPEDITED DISCOVERY

Case No. 1:26-cv- 02820-VMK-AB

*Id.* As such, this Court may allow Plaintiff to serve Defendants via email with the documents being served attached to the email.

Additionally, Plaintiff is unable to determine the exact physical whereabouts or identities of the registrants of Defendants' e-commerce stores due to their provision of false and incomplete names and/or street addresses. (Kuhn Decl. ¶ 6). Plaintiff, however, has good cause to suspect the registrants of the respective e-commerce stores are mainly residents of the People's Republic of China or Hong Kong. The United States and the People's Republic of China are both signatories to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters (the "Hague Convention"). (Kuhn Decl. ¶ 7). The Hague Convention does not preclude service by e-mail, and the declarations to the Hague Convention filed by China do not appear to expressly prohibit e-mail service. (*Id.*); *see also Hangzhou Chic Intelligent Technology Co. v. The Partnerships and Unincorporated Associations Identified on Schedule A, Defendants*, 2021 WL 1222783, at *3 (N.D. Ill. Apr. 1, 2021) ("For these reasons, the Court finds it is inappropriate to interpret China's objections to postal service under the Hague Convention as encompassing service by email."). Additionally, according to Article 1 of The Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." (*Id.*, Ex. 5).

As such, federal courts, including courts in this judicial district, routinely permit alternative service of process notwithstanding the applicability of the Hague Convention. *See Hangzhou Chic*, 2021 WL 1222783, at *4 ("[T]he Court finds that China has not 'objected' to email service, and the Court's order of email service pursuant to Rule 4(f)(3) was appropriate."); *see also In re LDK Solar Secs. Litig.*, 2008 WL 2415186,*2 (N.D. Cal. Jun. 12, 2008) (authorizing alternative means of service on Chinese defendants without first attempting "potentially fruitless" service through the

MEMORANDUM IN SUPPORT OF MOTION FOR
ELECTRONIC SERVICE AND EXPEDITED DISCOVERY

Case No. 1:26-cv- 02820-VMK-AB

Hague Convention's Chinese Central Authority); *Nanya Tech. Corp. v. Fujitsu Ltd.*, No. 1:06-cv-00025, 2007 WL 269087, *6 (D. Guam Jan. 26, 2007) (Hague Convention, to which Japan is a signatory, did not prohibit e-mail service upon Japanese defendants); *Popular Enters., LLC v. Webcom Media Group, Inc.*, *supra*, 225 F.R.D. at 562 (recognizing that, while "communication via e-mail and over the Internet is comparatively new, such communication has been zealously embraced within the business community").

## II.     PLAINTIFF IS ENTITLED TO EXPEDITED DICOVERY

The Supreme Court has held that "federal courts have the power to order at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Vance v. Rumsfeld*, No. 1:06-cv-06964, 2007 WL 4557812, *6 (N.D. Ill. Dec. 21, 2007) (citing *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S. Ct. 2380 (1978)). A district court has wide latitude in determining whether to grant a party's request for discovery. *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 882 (7th Cir. 2002). Furthermore, courts have broad power over discovery and may permit discovery in order to aid in the identification of unknown defendants. *See* Fed. R. Civ. P. 26(b)(2); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

Defendants have registered stores on Temu, which helps to increase their anonymity by interposing a third party between the consumer and them. (Kuhn Decl. ¶ 7). Without being able to discover Defendants' contact information, sales data, bank and payment system accounts, the extent of Defendants' harm to Plaintiff would go unverified, and any asset restraint would be of limited value because Plaintiff would not know the entities upon whom to serve the order. In this regard, Plaintiff's expedited discovery requested has been limited to include that which is only necessary to prevent further irreparable harm. (*Id.*). This includes the discovery of true and accurate contact information, sales data demonstrating the extent of harm to Plaintiff, and financial accounts necessary to freeze them so that the unauthorized and infringing

6

activities will be contained. (*Id.*).

This Court has the power to bind any third party who is in active concert with the Defendants that is given notice of the order to provide expedited discovery in this action. *See* Fed. R. Civ. P. 65(d)(2)(C). Defendants have engaged in many deceptive practices in hiding their identities and accounts, Plaintiff's lawsuit may have little meaningful effect without also being able to serve necessary discovery, through Federal Rule of Civil Procedure 45 or otherwise, on third parties potentially associated or acting in concert with the Defendants. As such, Plaintiff requests that it additionally be permitted to engage in third party discovery to the extent necessary to effectuate the narrow scope of inquiry identified above (Kuhn Decl. at ¶ 6). Counterfeiters and infringers, such as the Defendants, do not disclose their real locations or true identities. (*Id.* at ¶ 7) This is especially true for counterfeiters and infringers who sell infringing products through online marketplaces such as Temu.com and others. For example, the Online Platform through which Defendants sell their competing product through the unlicensed and unauthorized use of Plaintiff's Copyright Protected Images; the Defendants may provide fictitious physical addresses or phone numbers. Most often, they only provide an accurate e-mail address for the purpose of communicating with the marketplace itself or the consumer (*Id* at ¶ 7). Here, Plaintiff has demonstrated sufficient grounds to justify the Court authorizing expedited discovery to discover verified information of these Defendants.

### III.     CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests this Court's permission to serve Defendants via e-mail with the documents being served attached to the email. Plaintiff further respectfully requests this Court's permission to serve expedited Discovery on the third-party platform Temu in accordance with Federal Rule of Civil Procedure 45 to obtain verified Defendant contact information, sales data, and account information.

MEMORANDUM IN SUPPORT OF MOTION FOR                    Case No. 1:26-cv- 02820-VMK-AB
ELECTRONIC SERVICE AND EXPEDITED DISCOVERY

DATED: March 17, 2026                          Respectfully submitted,

                                            By: */s/ Katherine M. Kuhn*
                                            Katherine M. Kuhn (Bar No. 6331405)
                                            Joseph W. Droter (Bar No. 6329630)
                                            **BAYRAMOGLU LAW OFFICES LLC**
                                            233 S. Wacker Drive, 44th Floor, #57
                                            Chicago, IL 60606
                                            Tel: (702) 462-5973 | Fax: (702) 553-3404
                                            Katherine@bayramoglu-legal.com
                                            Joseph@bayramoglu-legal.com
                                            *Attorneys for Plaintiff*

8

MEMORANDUM IN SUPPORT OF MOTION FOR           Case No. 1:26-cv- 02820-VMK-AB
ELECTRONIC SERVICE AND EXPEDITED DISCOVERY