**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HONG KONG LEYUZHEN TECHNOLOGY CO. LIMITED,<br><br>      Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A" HERETO,<br><br>      Defendants. | **Case No. 1:26-cv-02820-VMK-AB**<br><br>**Honorable Virginia M. Kendall**<br><br>**Magistrate Judge Albert Berry, III** |

**DECLARATION OF KATHERINE M. KUHN, ESQ. IN SUPPORT OF PLAINTIFF'S
MOTION FOR ELECTRONIC SERVICE OF PROCESS PURSUANT TO FRCP 4(F)(3) AND
EXPEDITED DISCOVERY FRCP 45**

I, Katherine M. Kuhn, of the City of Chicago, in the State of Illinois, declare as follows:

1. Except as otherwise expressly stated to the contrary, this declaration is based upon my personal knowledge of the following facts and, if called as a witness, I could and would competently testify to the statements made herein.

2. I make this declaration in support of Plaintiff's Motion for Service of process by email with the documents being served attached to the email, pursuant to FRCP 4(f)(3) and Expedited Discovery FRCP 45. Authorizing service of process via e-mail will benefit all parties and the Court by ensuring that Defendants receive prompt notice of this action, thus allowing this action to move forward expeditiously.

3. I am an attorney at law, duly admitted to practice before the Courts of the State of Illinois and the United States District Court for the Northern District of Illinois. I am one

DECLARATION OF K. KUHN IN SUPPORT OF MOTION FOR     Case No. 1:26-cv- 02820-VMK-AB
ELECTRONIC SERVICE AND EXPEDITED DISCOVERY

of the attorneys for Plaintiff HONG KONG LEYUZHEN TECHNOLOGY CO. LIMITED ("Plaintiff"). In my experience in combating online infringement as an intellectual property attorney, I am knowledgeable about key aspects of intellectual property protection including, but not limited to, trademarks, copyrights, other intellectual property, sales, on-line sales, and associated international operations. I make this declaration from matters within my own knowledge unless stated otherwise.

4. Offshore e-commerce store operators offering for sale products using infringing intellectual property typically: (1) provide false, misleading, and/or incomplete names and physical address information to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to communicate with their third-party service providers and customers. In my experience in online IP infringement investigations, even if an address is provided on an e-commerce store, it is unlikely to be legitimate. E-mail has proved to be a reliable mechanism for quickly providing notice to e-commerce store operators in similar cases. Indeed, thousands of defendants in cases, either myself, or someone under my supervision, has overseen and confirmed receipt of actual notice via e-mail.

5. An investigation of the e-commerce stores operating under the Seller Aliases identified in Schedule "A" to the Complaint shows that few, if any, provide a complete and accurate physical address on the e-commerce store. In most instances, Defendants must provide an e-mail address and physical address to third-party online marketplace platforms such as Temu, as well as Aliexpress, eBay, Amazon, Wish.com, and Walmart when registering their account. E-mail address verification is typically a straightforward process where the third-party online marketplace platforms send an e-mail to the provided e-mail address and require the user to click a link in the e-mail. However, verification, if any, that may occur for physical addresses is likely

DECLARATION OF K. KUHN IN SUPPORT OF MOTION FOR ELECTRONIC SERVICE AND EXPEDITED DISCOVERY   Case No. 1:26-cv- 02820-VMK-AB

not as reliable as e-mail address verification. Since an e-commerce store operator can input any physical address, such addresses may be incomplete, false, and/or are not where the e-commerce store operator is located. As such, even if a physical address is available, it is not a reliable or the best means for providing notice to Defendants.

6.      Plaintiff is unable to determine the exact physical whereabouts or identities of the registrants of Defendants' e-commerce stores due to their provision of false and incomplete names and/or street addresses. Plaintiff, however, has good cause to suspect the registrants of the respective e-commerce stores are mainly residents of the People's Republic of China or Hong Kong. I have reviewed the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention") to which China are signatories. The Hague Convention does not preclude service by e-mail. Additionally, according to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known."

7.      Defendants registered stores on Temu help to increase their anonymity by interposing a third party between the consumer and them. Without being able to discover Defendants' accurate contact information, sales data, bank and payment system accounts, the extent of Defendants' harm to Plaintiff would go unverified, and any asset restraint would be of limited value because Plaintiff would not know the entities upon whom to serve the order. Plaintiff's expedited discovery requested is limited to include that which is only necessary to prevent further irreparable harm.

I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

3

DECLARATION OF K. KUHN IN SUPPORT OF MOTION FOR          Case No. 1:26-cv- 02820-VMK-AB
ELECTRONIC SERVICE AND EXPEDITED DISCOVERY

Executed on March 17, 2026, in Chicago, Illinois.

Respectfully submitted,

By: */s/ Katheirne M. Kuhn*
KATHERINE M. KUHN, ESQ.

DECLARATION OF K. KUHN IN SUPPORT OF MOTION FOR          Case No. 1:26-cv- 02820-VMK-AB
ELECTRONIC SERVICE AND EXPEDITED DISCOVERY